UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BP AMERICA INC., AND ATLANTIC RICHFIELD COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>YERINGTON PAIUTE TRIBE; LAURIE A. THOM, in her official capacity as Chairman of the Yerington Paiute Tribe; YERINGTON PAIUTE TRIBAL COURT; and SANDRA-MAE PICKENS in her official capacity as Judge of the Yerington Paiute Tribal Court,<br><br>Defendants. | Case No. 3:17-cv-00588-LRH-WGC<br><br>ORDER |

Before the court is plaintiffs' motion to alter or amend judgment, or for relief from judgment filed by BP America Inc. ("BPA") and Atlantic Richfield Company ("ARC") (collectively "plaintiffs"). ECF No. 80. Defendants, Yerington Paiute Tribe (the "Tribe"), Laurie A. Thom, Yerington Paiute Tribal Court, Sandra Mae Pickens, and tribal members Albert Roberts, Elwood Emm, Linda Howard, Nate Landa, Delmar Stevens, and Cassie Roberts (collectively "defendants") filed responses (ECF Nos. 82, 85) to which plaintiffs replied (ECF No. 88). The court now stays plaintiffs' motion pending exhaustion of tribal remedies.

**I.  BACKGROUND**

In August of 2017, the Tribe brought suit in Tribal Court against BPA and ARC, both of whom maintain they are not members of the Tribe, for several torts regarding the Yerington Anaconda Mine Site. ECF No. 1. Subsequently, plaintiffs filed a complaint against defendants

1

seeking this court to enjoin the action and for a declaratory judgment that the Tribal Court lacked subject matter jurisdiction over the matter. *Id.* Plaintiffs filed an amended motion for preliminary injunction (ECF No. 38), and defendants filed motions to dismiss (ECF Nos. 41, 51). Following the parties' status reports which provided that the underlying tribal litigation had been dismissed, (ECF Nos. 72, 75, 76, 77), this court dismissed plaintiffs' complaint and denied the parties' motions as moot on July 26, 2018. ECF No. 78. However, unbeknownst to this court, the plaintiffs, and several of the defendants, the Tribe had refiled suit in Tribal Court on June 29, 2018. ECF Nos. 80, 82. Accordingly, plaintiffs filed this pending motion to alter or amend judgment, or for relief from judgment. ECF No. 80. At present, the Tribal Court has stayed proceedings until December 28, 2018, while the parties engage in settlement negotiations. ECF No. 89.

**II.     DISCUSSION**

At this time, the court declines to rule on plaintiffs' motion and further declines to rule on whether the Tribal Court has subject matter jurisdiction over the plaintiffs.

The precedent is clear: the determination of whether the Tribal Court has subject matter jurisdiction "should be conducted in the first instance in the Tribal Court itself." *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985); *see also Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987) ("proper respect for tribal legal institutions requires that they be given a 'full opportunity' to consider the issues before them . . .."); *Window Rock Unified Sch. Dist. v. Reeves*, 861 F.3d 894, 897 (9th Cir. 2017) ("A tribal adjudicative body generally must have the first opportunity to evaluate its jurisdiction over a matter pending before it."); *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004) ("A federal court must give the tribal court a full opportunity to determine its own jurisdiction, which includes exhausting opportunities for appellate review in tribal courts."); *Landmark Golf P'ship v. Las Vegas Paiute Tribe*, 49 F.Supp.2d 1169, 1173 (D. Nev. 1999) ("The rule requires federal courts to allow tribal courts a full opportunity to determine the existence and extent of its own jurisdiction in the first instance, regardless of the basis of jurisdiction that may exist in federal court."). As "the orderly administration of justice in the federal court will be served by allowing a full record to be

developed in the Tribal Court," *Nat'l Farmers Union*, 471 U.S. at 856, this exhaustion requirement is not discretionary, but mandatory, *Burlington N.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1245 (9th Cir. 1991). "At a minimum, exhaustion of tribal remedies means that the tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *LaPlante*, 480 U.S. at 17.

There are four exceptions to the exhaustion requirement: (1) tribal jurisdiction is asserted with the motivation or "desire to harass or is conducted in bad faith," (2) jurisdiction is "patently violative of express jurisdictional prohibitions," (3) "exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction," and (4) jurisdiction is plainly lacking over the dispute and serves no purpose but delay. *Nevada v. Hicks*, 533 U.S. 353, 369 (2001) (internal quotation marks omitted). Plaintiffs argue that exhaustion is not required because jurisdiction is plainly lacking. However, this exception "does not apply when jurisdiction is colorable or plausible." *Reeves*, 861 F.3d at 898 (internal quotation marks omitted).

The court finds that it is proper for the Tribal Court to have the first opportunity to determine whether it has jurisdiction over this matter. The Supreme Court and the Ninth Circuit have held that "non-Indian defendants *must exhaust tribal court remedies* before seeking relief in federal court, even where defendants allege that proceedings in tribal court exceed tribal sovereign jurisdiction." *Burlington*, 940 F.2d at 1244 (emphasis in original); *see National Farmers Union*, 471 U.S. at 856-57; *LaPlante*, 480 U.S. at 16; *Stock West Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir 1989). Therefore, BPA and ARC, as non-tribal members, are still required to exhaust the tribal court remedies prior to seeking relief in this court.

Further, the court finds that there is no applicable exception to exhaustion because jurisdiction is colorable and plausible on the face of the complaint. First, the Tribe's complaint alleges that sections of the defendants' mine site are on plaintiff's property. ECF No. 81-2 ¶ 8. Second, while generally a Tribal Court's jurisdiction does not extend to non-tribal members, there are a few exceptions. *See Montana v. United States*, 450 U.S. 544 (1981). The Tribe argues

3

1 that the Tribal Court has jurisdiction under the second *Montana* exception: that the Tribe has "civil authority over the conduct of non-Indians . . . when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *See Montana*, 450 U.S. at 566. This "conduct must do more than injure the tribe, it must imperil the subsistence of the tribal community," such that asserting the power of the tribe is necessary to avert catastrophe for the tribe. *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 341 (2008) (internal quotation marks omitted).

The court agrees. In its complaint, the Tribe alleges that plaintiffs' conduct caused contamination of the ground water and surface water on Tribal lands and exposed tribal members to hazardous dust. *See* ECF No. 81-2. The Tribe argues that these events directly threaten the Tribe's health and welfare, and their very subsistence. Given that the Tribe indicates "localized groundwater is the sole source of drinking water . . . and groundwater is used to supplement surface water for irrigation," the court finds that jurisdiction is plausible. The court stresses that it is not deciding whether the Tribal Court has jurisdiction, but simply whether the Tribal Court "can make a colorable claim that" it does. *See Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1246 (10th Cir. 2017). Whether these allegations are sufficiently catastrophic to fall under the second *Montana* exception should be determined in the first instance by the Tribal Court. *Id.*

Therefore, on the bases of comity and the aforementioned reasons, the court stays plaintiffs' motion pending exhaustion of tribal remedies. Once the parties have exhausted tribal remedies, they may motion to lift the stay, and this court may then review the Tribal Court's determination of jurisdiction. See *Stock*, 873 F.2d at 1227.

///

///

///

///

///

///

4

**III. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs' motion to alter or amend judgment, or relief from judgment (ECF No. 80) is **STAYED** pending exhaustion of tribal remedies.

IT IS FURTHER ORDERED that the parties may file a motion to lift the stay once tribal remedies have been exhausted.

IT IS SO ORDERED.

DATED this 15th day of November, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE